**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case 1:12-cv-1303-TWP-MJD |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This matter is before the Court on Petitioner Robert Murray's ("Mr. Murray") petition for writ of habeas corpus. (Dkt. 1). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because Mr. Murray fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISR 12-05-028, Mr. Murray was found guilty of violating a rule at an Indiana prison by possessing a dangerous weapon. The evidence favorable to the decision of the hearing officer is that on May 8, 2012, the reporting officer was conducting a search of the cell assigned to Murray and a cellmate. Correctional officer Pickett reports that he saw Mr. Murray throw something out of his

cell window. Items were recovered and one of the items was an 8" metal shank. On May 9, 2012, Mr. Murray received the conduct report of this incident which notified him of the charge and advised him of his rights. Mr. Murray requested a lay advocate and provided a witness statement from his cellmate. A hearing officer conducted a prison disciplinary proceeding and found Mr. Murray guilty of a Class A offense, possession of a dangerous or deadly weapon. Sanctions were imposed, including a loss of earned credit-time. Contending that the proceeding was constitutionally infirm, Mr. Murray seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Mr. Murray received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Murray was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer

issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Mr. Murray's challenge to the sufficiency of the evidence is also flawed. First, his argument that due process requires a preponderance of the evidence standard is not a legitimate defense according to *Hill.* Second, the challenge is refuted by the expanded record. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and provides a clear account of the weapon and of Murray throwing it out his cell window. A reasonable adjudicator could readily have concluded that Murray was in possession of the shank both within his cell and when he threw it out of his cell. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Murray to the relief he seeks. Accordingly, his petition for a writ of habeas

corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __ 4/3/2013 _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Murray
962841
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel